UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICKS SMITH,

      Plaintiff,                      Case No. 2:25-CV-10342
v.                                     HONORABLE DENISE PAGE HOOD

C/O BELOSKY,

      Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff Fredricks Smith's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. The Court has reviewed the complaint and now **DISMISSES** it for failing to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff was granted permission to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

1

>  (B) the action or appeal:
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is deemed to be frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must allege that: (1) the defendant acted under color of state law;

and (2) the offensive conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that on June 30, 2024, Defendant, a corrections officer at the St. Louis Correctional Facility where Plaintiff was incarcerated at the time, came to Plaintiff's cell and told him he had ten seconds to come out of his cell and go take shower. On the way to the shower, Plaintiff realized he had forgotten his soap and wanted to go back to his cell and retrieve it. Defendant responded by telling him that this was "one way traffic." When Plaintiff protested that there was no rule prohibiting him from returning to his cell, Defendant proceeded to degrade him over the public announcement system. She also told Plaintiff that he should not have filed grievances against her in the past. Plaintiff was ordered to go to lockdown by Defendant and was denied the right to take a shower that day. Plaintiff claims that Defendant violated his First Amendment rights by denying him a shower on June 30, 2024, in retaliation for the grievances he had filed against her.

3

## IV. Discussion

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). A prisoner must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The filing of a prison grievance is constitutionally protected conduct for which an inmate cannot be retaliated against. *Id.* at 1037.

The adverseness inquiry involving a retaliation claim by a prisoner is an objective one, and is not dependent on how a particular plaintiff reacted. Instead, the relevant question for a reviewing court is whether the defendant's conduct is "capable of deterring a person of ordinary firmness." A plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002).

Plaintiff asserts that he was denied a shower on one occasion on June 30, 2024. Defendant's conduct in denying Plaintiff a shower one time is not sufficiently adverse to deter a person of ordinary firmness from exercising his constitutional rights. Therefore, Plaintiff's retaliation claim shall be dismissed. *See Williams v. Wise*, No. 2:09-CV-177, 2010 WL 160172, at *3 (W.D. Mich. Jan. 8, 2010).

The Court summarily dismisses the complaint. Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## V.  ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

Dated:  July 24, 2025

s/Denise Page Hood  
Denise Page Hood  
United States District Judge